IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MALLARD TOWNSEND, | : |
| Plaintiff, | : |
| vs. | : Civil Action Number: |
| 2 M MANAGEMENT GROUP, LLC and MARLON LLOYD, | : |
| Defendants. | : |

## COMPLAINT

Plaintiff Mallard Townsend ("Townsend"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants 2 M Management Group, LLC ("2 M") and Marlon Lloyd ("Lloyd") and shows the Court as follows:

### INTRODUCTION

1.

Townsend brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et seq*.), (hereinafter "the FLSA") to (1) recover due but unpaid overtime compensation; (2) an additional like amount as liquidated damages; and (3) and to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because 2 M is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Townsend resides in Cobb County, Georgia.

5.

2 M employed Townsend as a laborer and supervisor in and around Norcross, Georgia from February 2005 until August 1, 2013.

6.

At all times material hereto, Townsend has been an "employee" of 2 M as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about January 2011 until August 1, 2013, Townsend was "engaged in commerce" as an employee of 2 M as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

2 M is a limited liability company organized under the laws of the State of Georgia.

9.

At all times material hereto, 2 M was an "employer" of Townsend as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about January 2011 until August 1, 2013, 2 M was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2011, 2 M had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2012, 2 M had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2013, 2 M had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, 2 M had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, 2 M had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2013, 2 M had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, 2 M had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, 2 M had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, 2 M had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

At all times material hereto, 2 M was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

21.

2 M is subject to the personal jurisdiction of this Court.

22.

2 M may be served with process through its registered agent, Marlon Lloyd, located at 5028 Duxford Drive, SE, Smyrna, Georgia 30082.

23.

Lloyd resides within Cobb County, Georgia.

24.

At all times material hereto, Lloyd exercised operational control over the work activities of Townsend.

25.

At all times material hereto, Lloyd was involved in the day to day operation of the 2 M in which Townsend worked.

26.

At all times material hereto, 2 M vested Lloyd with supervisory authority over Townsend.

27.

At all times material hereto, Lloyd exercised supervisory authority over Townsend.

28.

At all times material hereto, Lloyd scheduled Townsend's working hours or supervised the scheduling of Townsend's working hours.

29.

At all times material hereto, Lloyd exercised authority and supervision over Townsend's compensation.

30.

At all times material hereto, Lloyd has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

31.

Lloyd is subject to the personal jurisdiction of this Court.

32.

Lloyd may be served with process at 5028 Duxford Drive, SE, Smyrna, Georgia 30082.

33.

At all times material hereto, Townsend was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

34.

At all times material hereto, 2 M did not employ Townsend in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

35.

At all times material hereto, 2 M did not employ Townsend in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

36.

At all times material hereto, 2 M did not employ Townsend in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

37.

At all times material hereto, 2 M did not employ Townsend in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

38.

At all times material hereto, Townsend was paid on an hourly basis.

39.

Townsend worked more than forty hours in certain workweeks during his employment.

40.

Townsend was not paid an overtime premium when he worked more than forty hours in a given workweek.

## COUNT I — FAILURE TO PAY OVERTIME

41.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

42.

At all times material hereto, Townsend was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

43.

During his employment with Defendants, Townsend regularly worked in excess of forty (40) hours each week.

44.

Defendants failed to pay Townsend at one and one half times his regular rate for work in excess of forty (40) hours in any week from January 2011 through August 1, 2013.

45.

Defendants willfully failed to pay Townsend at one and one half times his regular rate for work in excess of forty (40) hours in any week from January 2011 through August 1, 2013.

46.

Townsend is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

47.

As a result of the underpayment of overtime compensation as alleged above, Townsend is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

48.

As a result of the underpayment of overtime compensation as alleged above, Townsend is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Townsend be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2. That Townsend be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                *DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*

| | |
|---|---|
| | */S/CHARLES R. BRIDGERS* |
| 3100 CENTENNIAL TOWER | CHARLES R. BRIDGERS |
| 101 MARIETTA STREET | GA. BAR NO. 080791 |
| ATLANTA, GEORGIA 30303 | |
| (404) 979-3171 | */S/ KEVIN D. FITZPATRICK, JR.* |
| (404) 979-3170 (f) | KEVIN D. FITZPATRICK, JR. |
| kevin.fitzpatrick@dcbflegal.com | GA. BAR NO. 262375 |
| charlesbridgers@dcbflegal.com | |
| | **COUNSEL FOR PLAINTIFF** |